Filed 9/11/24  P. v. McQueen CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082946 |
| v. | (Super.Ct.No. FVI21001814) |
| WILLIS EARL MCQUEEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Affirmed.

Debra A. Postil, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

INTRODUCTION

Pursuant to a plea agreement, defendant and appellant Willis Earl McQueen pled guilty to one count of assault by means likely to produce great bodily injury.  (Pen. Code[1], § 245, subd. (a)(4).)  The court issued a criminal protective order.  Defendant subsequently requested the court to modify the order to allow contact with the victim, and the court denied the request.

Defendant filed a timely notice of appeal.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[2]

On May 24, 2021, defendant and his wife (the wife) were in a verbal argument when he told her he was going to shoot her and bury her in the backyard.  Defendant then grabbed his shotgun and left for work.  On June 23, 2021, defendant and the wife became involved in another verbal argument, and defendant drove his car forward toward her and pinned her against the garage with his car.  The next day, the wife moved the couch to block the front door so she could hear when defendant returned to the residence. Defendant returned and shoved the door open.  He then pulled a black semiautomatic pistol from his waistband, pulled the slide of the pistol, and chambered a cartridge. Defendant pointed it at the wife's face and said, "Say something about my mother again and I'll kill you."  The couple's four children (the children) were near the wife when he

---

[1]  All further statutory references will be to the Penal Code unless otherwise indicated.

[2]  Because defendant pled guilty pursuant to a plea agreement and there was no trial, this brief factual background is taken from the police report.

pointed the gun at her, and she said, "The kids are right here standing next to me, are you really going to kill me right now?" Defendant left the residence.

On June 29, 2021, the San Bernardino County District Attorney's Office filed a complaint charging defendant with criminal threats (§ 422, subd. (a), count 1) and misdemeanor exhibiting a deadly weapon (§ 417, subd. (a)(1)). On July 27, 2021, at the arraignment, the court issued a no-contact protective order, restraining defendant from contact with the wife and the children pursuant to Section 136.2. Defendant requested the order to be modified from no-contact to a no-negative-contact order, since he had been married to the wife for 13 years, they had four children together, and they had always resided together. The court denied the request and said, "If there's a request for a modification, it will have to come from [the wife]."

On July 29, 2022, defendant pled guilty to assault by means of force likely to produce great bodily injury. (§ 245, subd. (a)(4), added count 3.) The court imposed a four-year prison sentence, suspended it, and placed defendant on formal probation for three years, under specified conditions. The court issued a protective order, which named only the wife as the protected person.

On September 6, 2022, defendant and the wife requested the court to modify the protective order from a no-contact order to a no-negative-contact order. The People objected to the modification. The matter was continued to September 9, 2022, at which time the court addressed the request. Defense counsel stated that defendant and the wife

3

wanted the family to reunify. The court denied the modification request, citing several past incidents that took place in the presence of the children.

On October 10, 2023, defendant requested another modification to the protective order, and the court ordered defendant to go to the probation department so it "may provide a report to the court regarding the criminal protective order." The probation department filed a memorandum on October 31, 2023, stating it was not against modifying the protective order, but requesting that defendant be prohibited from living with the wife and children and be required to participate in parenting classes and an anger management class.

The court held a hearing on November 7, 2023, and defense counsel stated that the wife wanted to be heard regarding her request to have the criminal protective order modified to a no-negative-contact order. The court stated the matter had already gone to the probation department, and based on the recommendation, the court was not going to allow contact with the wife. The court told the wife, "I have to protect the children because you won't." However, the court did modify the protective order to include an exception for contact with the children, but only for "the safe exchange of children and court-ordered visitation" as stated in family or dependency court orders.

Defendant filed a timely notice of appeal.

### DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979)

4

25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the court abused its discretion in denying the request for modification of the criminal protective order. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>FIELDS</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>McKINSTER</u>
J.

5